Quarracy L. Smith (SBN # 033515)
**SMITH & GREEN**
**Attorneys at Law, P.L.L.C.**
3101 North Central Avenue
Suite 690
Phoenix, Arizona 85012-2658
Telephone: (602) 812-4600
Fascimile: (602) 812-4660
Email: qsmith@smithgreenlaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Van Lieu, and individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (JURY TRIAL DEMANDED) |
| City of Peoria, a public entity; Maricopa County, a public entity; Paul Penzone, as an individual and in his official capacity as Sheriff of Maricopa County; Peoria Police Officer Moyer, an individual; Peoria Police Officer Hopkins, an individual; John Doe MCSO Detention Officers I-X, John Doe Peoria Police Officers XI-XX; John Does XXI-XXX and Jane Does XXX-XL. | |
| Defendants. | |

Plaintiff, by and through undersigned counsel, brings this claim against the above-named Defendant(s) for compensatory damages, punitive damages, injunctive relief, attorneys fees and costs, under the United States Constitution, Title 42 U.S.C. § 1983 and Arizona state law. This case arises out of use of excessive force and violation Plaintiff's Fourth Amendment rights, due to the sustained violative policies and procedures and failure to train and supervise Peoria Police Department ("PPD"). Furthermore, this case arises out

of cruel and unusual punishment and violation of Plaintiff's Eighth Amendment right, due to the sustained violative policies and procedures and failure to train and supervise Maricopa County Detention Officers. This case also arises by and through the individual actions of the officers acting in their individual capacities as members of the PPD and Maricopa County Sheriff's Office that resulted in the aforementioned violations of Plaintiff's constitutional rights.

## JURISDICTION, PARTIES, AND VENUE

1. This action is authorized and instituted pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

4.      Notice of Claim wasp properly and timely served on Defendants' City of Peoria and Maricopa County Sheriff's Office pursuant to A.R.S. § 12-821.01.

5.      This complaint is timely filed within the (1) year for Defendant's City of Peoria, Maricopa County Sherriff's Office, and Paul Penzone, in his official Capacity and within the two (2) year limitation for Defendants listed in their individual capacity.

6. Plaintiff, Ryan Van Lieu is, and at all times relevant to the matter alleged herein, has been over the age of 18, and a resident of Maricopa County, Arizona.

7. Upon information and belief, Plaintiff alleges that Defendant City of Peoria is an Arizona public entity, operating in Maricopa County, Arizona.

8. Upon information and belief, Plaintiff alleges that Defendant City of

Peoria Police Department is an Arizona public entity, operating in Maricopa County, Arizona.

9.  Upon information and belief, Plaintiff alleges that Defendant County of Maricopa is an Arizona public entity, operating in Maricopa County, Arizona.

10. Upon information and belief, Plaintiff alleges that Defendant Peoria Police Officer Moyer is a Police Officer ("Defendant Moyer"), is employed by and is an agent of the City of Peoria and the City of Peoria Police Department, operating in his official capacity in Maricopa County, Arizona.

11.     Upon information and belief, Plaintiff alleges that Defendant Moyer  is a Police Officer, Defendant Moyer is employed by and is an agent of the City of Peoria and the City of Peoria Police Department, operating in his official capacity in Maricopa County, Arizona.

12. Upon information and belief, Plaintiff alleges that Defendant Peoria Police Officer Hopkins ("Defendant Hopkins") is a Police Officer, is employed by and is an agent of the City of Peoria and the City of Peoria Police Department, operating in his official capacity in Maricopa County, Arizona.

13. Upon information and belief, Plaintiff alleges that Defendant Hopkins is a Police Officer, Defendant is employed by and is an agent of the City of Peoria and the City of Peoria Police Department, operating in his official capacity in Maricopa County, Arizona.

14. Except as otherwise alleged, Plaintiff is unaware of the true names and and capacities of defendants designated as John Doe MCSO Detention Officers I-X,

3

John Doe Peoria Police Officers XI-XX; John Does XXI-XXX and Jane Does XXX-XL, and therefore sue such defendants by such fictitious names. Plaintiffs will request leave to amend this complaint when the true identities of the DOE defendants have been ascertained. Plaintiff is informed and believes, and thereon allege that each of the defendants designated herein as a DOE defendant is liable, in some manner, for the damages and other relief Plaintiff seeks to recover by this action.

15. Upon information and belief, Plaintiff alleges that, at all times relevant herein, Defendants DOES were the agents, employees, and/or servants, Masters, or employers of the Defendant City of Peoria or the Defendant Maricopa County, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of other Defendants.

16. Plaintiff is further informed and believes, and thereon alleges, that each of the fictitiously named Defendants aided and assisted the named Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each Defendant.

17. Each individually named Defendant was, at all relevant times, acting in the course and scope of his employment with the Defendant City of Peoria or with the Defendant Maricopa County.


**GENERAL ALLEGATIONS**

18. On the morning of May 18, 2021, Defendant PPD conducted surveillance on Plaintiff's home residence, and at approximately 7:35 a.m., Plaintiff was observed leaving

4

his residence.

19.     Detectives from the Peoria Police Department Special Assignment's Unit followed Plaintiff and initiated a traffic stop in the parking lot of a CVS located at 5050 W. Baseline Rd., Laveen Village, Arizona 85339.

20. Defendant Hopkins and Defendant Moyer arrested Plaintiff and forcefully placed him in the backseat of Defendant Moyer's police vehicle. Neither Defendant Hopkins nor Defendant Moyer told Plaintiff what alleged crimes he was being charged with.

21. During transport, Plaintiff expressed his personal feelings about law enforcement officers and agencies and made numerous statements, including statements related to political ideology, that likely upset or angered Defendant Hopkins and Defendant Moyer.

22. Officer Moyer transported Plaintiff from the CVS parking lot to the police department for processing. While at the police department, booking paperwork was completed and Plaintiff was permitted to make two (2) phone calls.

23. After completing the booking paperwork, Defendant Moyer advised Plaintiff that he had to be handcuffed and transported to a detention facility. Plaintiff was cooperative and turned around so he could be handcuffed behind his back. Officer Moyer, who at that time appeared angry and annoyed with Plaintiff, then placed the handcuffs on Plaintiff in a more aggressive manner. The handcuffs were tighter than they had been during the initial transportation to the police department. Defendant Moyer did not use appropriate measures to verify the tightness of the handcuffs, and he did not use the double locking mechanism on the handcuffs to ensure they would not inadvertently tighten during transport.

24. Upon information and belief, Defendant Moyer placed the handcuffs on tight to intentionally cause pain and discomfort to Plaintiff in retaliation for statements Plaintiff made to Defendants Moyer and Hopkins.

25. Officer Moyer escorted Plaintiff out of the police department and forcefully shoved Plaintiff into the back seat of the police vehicle. At one point, Plaintiff removed his seatbelt due to pain and discomfort caused the handcuffs, and Officer Moyer reacted by forcefully putting the seatbelt back on Plaintiff.

26. Officer Moyer then transported Plaintiff to the Maricopa County Sheriff's Office (MCSO) Intake, Transfer, and Release (ITR) facility.

27.     Upon arrival to the ITR facility, Officer Moyer intentionally pushed down on the handcuffs while Plaintiff was against the wall and while removing the handcuffs, which caused significant pain to Plaintiff's wrists, which Plaintiff responded to by describing Defendant Moyer's conduct as physical abuse.

28. Since Plaintiff's arrest, he has suffered from extensive pain and discomfort in Both hands and wrists. Plaintiff sought treatment within a week of his arrest. The initial treatment records note Plaintiff "was handcuffed by police 1 [week] ago" and "has cramping pain in both hands and fingers associated with numbness in both thumbs." Upon further examination, on June 28, 2021, a physician determined the hand and wrist pain and numbness was likely an "acute recurrent median nerve injury," and as a result, Plaintiff was referred to a specialist. Plaintiff was also referred for occupational therapy and prescribed a higher dosage of pain medication. Plaintiff was advised that an electromyography (EMG) that was conducted showed nerve damage, which was the result

of his handcuffs being placed on too tight. A health care provider advised Plaintiff that the nerve damage may be permanent, and that surgery may be required.

29.     While in the MCSO ITR facility, the Defendant MCSO Detention Officer Doe(s) placed Plaintiff in a holding cell that did not have a toilet, a sink, or a bench. Plaintiff repeatedly asked the Defendant MCSO Detention Officer Doe(s) if he could use a restroom, but – without explanation – his requests were denied. Plaintiff requested to speak with sergeants, but they also ignored his requests to use the restroom.

30. Due to the circumstances, and at the direction of Defendant MCSO Detention Officer Doe(s), Plaintiff was forced to attempt to defecate into a drain grate on the ground of the holding cell. The grate in the ground did not allow for fecal matter to pass through the hole, causing fecal matter to spread throughout the floor of the small holding cell.

31. Plaintiff pleaded for Defendant MCSO Detention Officer Doe(s) to provide him with toilet paper, but they refused. As a result, Plaintiff was forced to remove clothing and use the clothing to attempt to clean himself.

32. While confined in the cell, Plaintiff repeatedly asked for deputies to either have the cell cleaned or to place him in a clean cell. His repeated requests were denied, and he was forced to remain in an unclean and unsafe environment. The cell did not have a bench or a bed, and Plaintiff was forced to sleep and sit on the cell floor that was covered with fecal matter.

33. While Plaintiff was pleading with Defendant MCSO Detention Officer Doe(s) to move him to another cell or to clean the cell, the Defendant MCSO Detention Officer Doe(s) refused to do anything and simply laughed at Plaintiff.

1   34. Plaintiff remained in the cell with fecal matter covering the floor for

2   approximately twelve (12) hours until he was finally released on May 19, 2021.

3   35. As a result of the unsafe and unsanitary environment created by Maricopa

4   County, Plaintiff was forced to breathe in toxic fumes and suffered severe emotional

5   distress. Additionally, Plainitff had a rash on his face as a result of sleeping in fecal matter

6   on the concrete cell floor.

7

8                                    **CAUSE OF ACTION I**
        **42 U.S.C § 1983: Excessive Force in Violation of the 4th Amendment**
9                    **[Defendants City of Peoria, Moyer, & Hopkins]**

10   36. Plaintiff incorporates by reference all previous allegations as fully set fourth

11   herein.

12   37. 42 U.S.C. § 1983 provides individuals with a cause of action to sue for violations

13   of their constitutional rights.

14   38. The 14th Amendment's due process clause extends federal constitutional

15   protections to protect individuals from State and local authorities. As incorporated by the

16   14th Amendment, the 4th Amendment protects individuals from "unreasonable searches

17   and seizures," which includes the right to be free from the use of excessive force by law

18   enforcement officers.

19   39. Defendant Moyer acted willfully, knowingly, and with specific intent to

20   deprive the Plaintiff of his rights secured by the Fourth Amendment to the United States

21   Constitution, including his right to be secure in his person and free from the use of

22   unreasonable force.

23                                          8

40. Defendant Moyer acted unreasonable by using unnecessary and unreasonable force in numerous instances in which he had physical contact with Plaintiff, including when he tightly secured the handcuffs to Plaintiff's wrists.

41. Furthermore, Defendant Moyer acted unreasonable by failing to follow protocol by failing to properly inspect the handcuffs for tightness after placing them on the Plaintiff and by failing to double-lock the handcuffs to ensure they do not inadvertently tighten more during transportation.

42. Plaintiff was not resisting arrest and was cooperative and compliant at the time the handcuffs were secured to Plaintiff's wrists, so his application of force was disproportionate to the circumstances and there was no legitimate reason for Defendant Moyer's failure to properly inspect the handcuffs.

43. Plaintiff has been diagnosed with permanent nerve damage that will cause significant pain and discomfort to his hands and wrists for the remainder of his life.

44. Accordingly, Defendants City of Peoria, City of Peoria Police Department, and Officer Moyer, have violated Plaintiff's Fourth Amendment right, entitling him to damages.

### CAUSE OF ACTION II
#### 42 U.S.C § 1983:
#### Cruel and Unusual Punishment in Violation of the 8th Amendment
#### [Defendants Maricopa County & John Doe MCSO Detention Officers]

45. Plaintiff incorporates by reference all previous allegations as though fully set forth herein.

46. 42 U.S.C. § 1983 provides individuals with a cause of action to sue for violations of their constitutional rights.

47. The 14th Amendment's due process clause extends federal constitutional protections to protect individuals from State and local authorities. As incorporated by the 14th Amendment, the 8th Amendment protects individuals from "cruel and unusual punishment," which constitutionally prohibits prison officials from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm.

48. Defendant MCSO Detention Officers in the ITR facility willfully, knowingly, and intentionally showed deliberate indifference to the substantial risk of serious harm to Plaintiff by forcing him to defecate in his holding cell and exposing him to hazardous waste for approximately twelve (12) hours.

49. Defendant MCSO Detention Officer Doe(s) acting willfully, knowingly, and with specific intent to deprive the Plaintiff of his rights secured by the Eighth Amendment to the United States Constitution, including his right to not be subjected to cruel and unusual punishment.

50. Defendant MCSO Detention Officer Doe(s) acted unreasonable by refusing to allow Plaintiff to use the restroom, forcing Plaintiff to defecate in his holding cell, refusing Plaintiff's repeated request to move him to a clean cell or clean the holding cell he was located in, and by forcing Plaintiff to remain in the cell with hazardous waste for approximately twelve (12) hours.

51. Accordingly, Defendants Maricopa County, MCSO Detention Officer Doe(s), have violated Plaintiff's Eighth Amendment right, entitling him to damages.

**<u>CAUSE OF ACTION III</u>**
**Negligence – Bodily Injury**

**[Defendants City of Peoria & Moyer]**

52. Plaintiff incorporates by reference all previous allegations as though fully set forth herein.

53. This Cause of Action is brough pursuant to Arizona state law.

54. Defendant City of Peoria is vicariously liable under respondeat superior for the actions of any employee, agent, or servant of the City of Peoria.

55. Defendant Moyer failed to act reasonably under the circumstances and breached the standard of care by using excessive force in securing the handcuffs to Plaintiff's wrists, and by failing to follow proper procedures by not inspecting the handcuffs to ensure they were not too tight around Plaintiff's wrists and by failing to double-lock the handcuffs to ensure they did not inadvertently tighten around Plaintiff's wrist during transportation.

56. As a direct and proximate result of Defendants' negligence. Plaintiff suffered physical injuries, among other things, permanent nerve damage to his wrists, severe physical pain, mental anguish, and emotional distress in an amount and detail to be proven at trial.

## CAUSE OF ACTION IV
### Negligence – Property Damage
**[Defendants City of Peoria, John Doe Peoria Police Officers, John Does & Jane Does]**

57. Plaintiff incorporates by reference all previous allegations as though fully set forth herein.

58. This Cause of Action is brough pursuant to Arizona state law.

59. Defendant City of Peoria is vicariously liable under respondeat superior for the

1   actions of any employee, agent, or servant of the City of Peoria.

2       60. Police officers and other agents and employees of the City of Peoria Police

3   Department executed a search warrant on Plaintiff's residence on May 18, 2021. During the

4   search, the City of Peoria employees had a duty to exercise reasonable care of someone of

5   ordinary prudence under the circumstances to prevent damage to Plaintiff's and his wife's

6   personal property.

7       61. During the search, police officers showed complete disregard for Plaintiff's and

8   his wife's personal property, and  - either intentionally or unintentionally – numerous items

9   within Plaintiff's home were damaged or destroyed, including, but not limited to, Plaintiff's

10  home security system, a television, a collection of figurines, door locks throughout the

11  home, and Plaintiff's baseball card collection. Furthermore, the home was left in complete

12  disarray at the conclusion of their search.

13      62. Plaintiff is entitled to damages based on the value of the property damaged

14  or destroyed within his home.

15

16                    **CAUSE OF ACTION V**
                         **Battery**

17      **[Defendants City of Peoria & John Doe Peoria Police Officers]**

18      63. Plaintiff incorporates by reference all previous allegations as though fully set

19  forth herein.

20      64. This Cause of Action is brough pursuant to Arizona state law.

21      65. Defendant City of Peoria is vicariously liable under respondeat  superior for the

22  actions of any employee, agent, or servant of the City of Peoria.

23                          12

66.     Defendant Officer Moyer intentionally tightened the handcuffs around Plaintiff's wrists with the intent of causing physical pain and injury to Plaintiff, and he physically and aggressively shoved Plaintiff into a transport vehicle.

67. At the time of Officer Moyer's conduct referenced in the foregoing paragraph, Plaintiff was cooperative and not resisting; therefore, Officer Moyer's intentional and harmful conduct was entirely unnecessary.

68. As a result of Officer Moyer's conduct, Plaintiff has suffered permanent nerve damage to his wrists which may require surgery.

69. As a result, Plaintiff is entitled to damages based on the injuries he sustained from Officer Moyer's intentional and harmful conduct.

## CAUSE OF ACTION VI
### Conversion
**[Defendants City of Peoria & John Doe Peoria Police Officers]**

70. Plaintiff incorporates by reference all previous allegations as though fully set forth herein.

71. This Cause of Action is brough pursuant to Arizona state law.

72. Defendant City of Peoria is vicariously liable under respondeat superior for the actions of any employee, agent, or servant of the City of Peoria.

73. During the search conducted by City of Peoria employees on May 18, 2021, police officers intentionally damaged or destroyed Plaintiff's personal property, including, but not limited to, a home security system, a television, a collection of figurines, door locks throughout the home, and a valuable baseball card collection.

74. As a result, Plaintiff is entitled to damages based on the value of Plaintiff's personal property that was intentionally damaged during the search of his residence.

**CAUSE OF ACTION VII**
**Intentional Infliction of Emotional Distress**
**[All Defendants]**

75. Plaintiff incorporates by reference all previous allegations as though fully set forth herein.

76. This Cause of Action is brough pursuant to Arizona state law.

77. Defendant City of Peoria is vicariously liable under respondeat superior for the actions of any employee, agent, or servant of the City of Peoria.

78. Defendant Moyer's aggressive physical conduct, including physically shoving Plaintiff into a transport vehicle and intentionally tightening the handcuffs tight around Plaintiff's wrist in order to cause pain, discomfort, and permanent injury, was extreme and outrageous.

79. Defendant Moyer's actions either intentionally, or at a minimum showed reckless disregard, for the certainty that Plaintiff would suffer emotional distress.

80. Plaintiff suffered emotional distress as a result of Defendant Moyer's conduct and as a result of the continuous pain and discomfort in Plaintiff's hands, and as a result, Plaintiff sought and received treatment with a mental health provider.

81. Defendant Maricopa County is vicariously liable under respondeat superior for the actions of any employee, agent, or servant of the County of Maricopa.

82. Defendant John Doe, whose last name is believed to be Hadsall, intentionally

upheld and delayed processing of Plaintiff because Plaintiff requested to know his name. The purpose of the delay was to punish Plaintiff by forcing him to remain detained for a longer period of time. As a result, Claimant was denied the opportunity to attend an earlier court appearance and remained detained for a longer period of time.

83. Employees of Maricopa County engaged in extreme and outrageous conduct by Refusing to allow Plaintiff to use a toilet, forcing Plaintiff to defecate in the holding cell, refusing to provide Plaintiff with toilet paper, forcing Plaintiff to remove clothing and use the clothing in an attempt to clean himself, refusing to move Plaintiff to a clean holding cell, refusing to clean the holding cell where Plaintiff was being held, forcing Plaintiff to remain in a small holding cell with a floor covered in hazardous fecal matter for approximately twelve (12) hours, and by laughing at and ridiculing Plaintiff as he remain in the contaminated cell.

84. Detention employees' actions either intentionally, or at a minimum showed reckless disregard, for the certainty that Plaintiff would suffer emotional distress.

85. Plaintiff suffered emotional distress as a result of the conduct of Defendant Maricopa County's employees, and as a result, Plaintiff sought and received treatment with a mental health provider.

86. As a result, Plaintiff is entitled to damages as a result of the emotional distress he has suffered from as a result of Defendants' conduct.

*WHEREFORE*, Plaintiff prays for judgement against Defendants as follows:

A. For general damages in an amount to be determined by a jury;

B. For punitive damages against appropriate defendants in an amount to be

15

1    determined by a jury;

2    C.  Proper injuctive relief;

3    D.  For an award of attorneys' fees and costs;

4    E.  For all other relief the Court deems just and proper.

5

6    **JURY TRIAL DEMANDED**

7    The Plaintiff respectfully requests a jury trial on all questions of fact raised in this

8    Complaint.

9    RESPECTFULLY SUBMITTED this 16th day of May 2022.

10                                             SMITH & GREEN
                                               Attorneys at Law, P.L.L.C.
11

12                                              *s/Quarracy L. Smith*
                                               Quarracy L. Smith
13                                             Attorney for Plaintiff

14

15   Copy of the foregoing Electronically Filed
     16th  day of May 2022
16

17

18

19

20

21

22

23                                    16